UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GILA BURTON-CURL,

Plaintiff,

v.

SEATTLE DISTRICT COLLEGE et al.,

Defendants.

CASE NO. 2:26-cv-00970-TL

ORDER ON MOTION FOR ENTRY OF DEFAULT

This matter comes before the Court on Plaintiff Gila Burton-Curl's Motion for Entry of Default against Defendant Seattle District College.[1,2] Dkt. No. 14. Having reviewed the motion and the relevant record, the Court DENIES the motion.

Under Local Civil Rule ("LCR") 55(a),

Upon motion by a party noted in accordance with LCR 7(d)(1) and supported by affidavit or otherwise, the clerk shall enter the default

---

[1] Plaintiff has only requested an entry of default against Defendant Seattle District College.

[2] Although Plaintiff has named "Seattle District College" as a Defendant, her complaint alleges that she was employed by "South Seattle College" (Dkt. No. 5 at 3), which is itself a constituent institution of Seattle College District VI. *See* Title 132F WAC; RCW 28B.50.040(6).

ORDER ON MOTION FOR ENTRY OF DEFAULT – 1

of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend. The affidavit shall specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4.

Defendant Seattle District College is a state agency established by Chapter 28B.50 RCW. Accordingly, "service in a manner authorized by Fed. R. Civ. P. 4" means compliance with Federal Rule of Civil Procedure 4(j)(2), which governs service upon a "state, a municipal corporation, or any other state-created governmental organization that is subject to suit[.]" *See Encinas v. Univ. of Washington*, No. C20-1679, 2022 WL 4598083, at *4 (W.D. Wash. Sept. 30, 2022) (finding University of Washington to be a state agency that must be served in accordance with Rule 4(j)(2)). Under Rule 4(j)(2), there are two alternative methods for serving a state agency—either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." The second method points to RCW 4.92.020, which provides that "Service of summons and complaint in such actions [against governmental entities] shall be served in the manner prescribed by law upon the attorney general, or by leaving the summons and complaint in the office of the attorney general with an assistant attorney general." *See Encinas*, 2022 WL 4598083, at *4.

Here, Plaintiff has submitted an affidavit in which she avers that "a copy of the Complaint, was served upon the Defendant, JUNE 11, 2026 ('Clearviewpi.com, JOSH RITTS'), by certified mail, restricted delivery, return receipt requested, on JUNE 11, 2026." Dkt. No. 14 at 4. Plaintiff's affidavit of service, however, indicates that a process server served Defendant Seattle District College's "mail clerk." Dkt. No. 12. The mail clerk is not the College's chief executive officer or the state attorney general (or assistant attorney general). Moreover, because Plaintiff thought she had served Defendant by certified mail (and, therefore, may believe service

ORDER ON MOTION FOR ENTRY OF DEFAULT – 2

by certified mail is appropriate), the Court cautions Plaintiff that "RCW 4.92.020 specifies that service can only be made upon the Attorney General or left with an Assistant Attorney General." *Landreville v. Shoreline Cmty. Coll. Dist. No. 7*, 53 Wn. App. 330, 332, 766 P.2d 1107 (1988). Therefore, any attempt to effectuate service by certified mail (*see* Dkt. No. 14 at 4) will be improper. *See, e.g.*, *Reyes v. Fircrest Sch.*, No. C11-778, 2012 WL 3144915, at *3 (W.D. Wash. Aug. 1, 2021) ("[C]ertified mail is not sufficient under either prong of Rule 4(j)(2)."). On this record, then, it does not appear that Defendant Seattle District College has been properly served.

Accordingly, Plaintiff's motion for entry of default (Dkt. No. 14) is DENIED.

Dated this 6th day of July 2026.

Tana Lin
United States District Judge

ORDER ON MOTION FOR ENTRY OF DEFAULT – 3