UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GILA BURTON-CURL,<br>Plaintiff,<br>v.<br>SEATTLE DISTRICT COLLEGE et al.,<br>Defendants. | CASE NO. 2:26-cv-00970-TL<br><br>ORDER OF REFERRAL TO PRO BONO SCREENING COMMITTEE |

This matter is before the Court on Plaintiff's application for Court-appointed counsel. Dkt. No. 6. Having reviewed the motion and the relevant record, the Court REFERS the matter to the Civil Rights Case Screening Committee for Non-Incarcerated Litigant Cases of the Western District of Washington's Pro Bono Panel. *See* General Order No. 07-23, § 2 (W.D. Wash. Sept. 8, 2023).

## I. BACKGROUND

This action arises out of Plaintiff's allegations of employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Washington Law Against Discrimination. *See* Dkt.

No. 5 (complaint) at 3–5. Plaintiff alleges termination, failure to accommodate a disability, unequal terms and conditions of employment, retaliation, and "[i]mped[ing] professional advancement [and] educational attainment[.]" *Id.* at 6. More specifically, Plaintiff, a part-time faculty member at South Seattle College, alleges that she has "been forced to take leave, use [her] personal equipment for classes, and denied contracts for failing to return to work." *Id.* at 14. She alleges, among other things, that she has been unfairly assigned to work an unsatisfactory schedule and that, since she complained about the allege discrimination, she has been denied "numerous requests for curriculum grant funding" and "substantial professional development requests." *Id.* at 14–15. Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), which issued a right-to-sue letter on December 23, 2025. *See id.* at 10.

## II. Discussion

"Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant" in a Title VII case. 42 U.S.C. § 2000e-5(f)(1). "Three factors are relevant to the trial court's determination of whether to appoint counsel [in a Title VII case]: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). The Ninth Circuit has noted that Congress's intent in enacting 42 U.S.C. § 2000e-5 is to even the playing field for parties in Title VII cases, which often involve a complainant of a disadvantaged class and an employer with better resources and representation. *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1317 (9th Cir. 1981).

Regarding the first factor, Plaintiff is proceeding IFP in this matter and represents that her income places her "in low range of poverty status." Dkt. No. 1 at 2. As to the second factor,

Plaintiff notes that she has contacted "Seattle University Law Client," "Northwest Client," and "Legal Services." Dkt. No. 6 at 2. Finally, regarding the third factor, the Court lacks sufficient information to fully weigh the merits of Plaintiff's case. *Johnson*, 939 F.2d at 824. In evaluating this factor, courts generally look to the EEOC's investigation and determination, if any, in the case. *See, e.g., Bradshaw*, 662 F.2d at 1319–20 (finding third factor satisfied because EEOC found reasonable cause to believe plaintiff was victim of discrimination). Here, Plaintiff has asserted factual allegations that plausibly state discrimination claims.

This District has adopted a General Order providing for a plan to refer *pro se* litigants in civil rights actions to the Pro Bono Panel of this District for its evaluation and potential representation of the litigants. *See* General Order No. 06-26. Specifically, the plan currently in effect contemplates the Court's referral of a plaintiff's case to the Screening Committee for its review and recommendation as to whether the appointment of counsel might be warranted. *See id.* § 2(c). Such assessment considers factors such as a plaintiff's ability to retain counsel by other means, the relative merits of their case, and the nature and complexity of the action. *Id.* § 2(e).

Accordingly, the Court ORDERS as follows:

(1) The Clerk of the Court is DIRECTED to forward the complaint (Dkt. No. 5) and the Application for Court-Appointed Counsel (Dkt. No. 6) to the Screening Committee.

(2) The Screening Committee is DIRECTED to review the case and make a recommendation to the Court by **October 21, 2026,** as to whether the appointment of pro bono counsel is warranted in this case, in accordance with General Order No. 06-26.

(3) The Court DIRECTS the Clerk to re-note Plaintiff's Application for Court-Appointed Counsel to October 21, 2026.

(4) Plaintiff is reminded that her application for the appointment of counsel remains pending, and that a referral to the Screening Committee does not guarantee that pro bono counsel will be provided to her.

Dated this 7th day of October 2026.

Tana Lin
United States District Judge